UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                      CASE NO.

**JULIE NOEL CHAPPELL**                                     04-04230-5-ATS

     **DEBTOR**

**ORDER AWARDING SANCTIONS**

The matter before the court is the motion filed by the chapter 7 debtor, Julie Noel Chappell, seeking sanctions against Verizon Wireless for violations of the automatic stay. A hearing took place in Raleigh, North Carolina on June 8, 2005.

Julie Noel Chappell filed a petition for relief under chapter 7 of the Bankruptcy Code on November 22, 2004, and received her discharge on February 23, 2005. The debtor's schedule of creditors listed Verizon Wireless as an unsecured creditor with a claim of $600. Ms. Chappell believes her Verizon Wireless service was terminated prepetition, and in any event she contends that she rejected the wireless contract by failing to assume it within 60 days of filing her petition. On December 26, 2004, after the notice of the debtor's case was sent to all creditors, Verizon sent Ms. Chappell a written demand for payment and a notice of possible fees for early termination. On January 7, 2005, a representative of Verizon called Ms. Chappell and demanded payment; Ms. Chappell advised Verizon of the bankruptcy filing and requested that Verizon direct any further calls to her attorney.

On January 9, 2005, Verizon sent another statement to Ms. Chappell. On January 12, 2005, Verizon sent a letter to Ms. Chappell stating that services had been terminated for lack of payment, demanding payment for prior charges, and warning of reference to a collection agency. Also on January 12, 2005, Verizon sent a billing statement assessing additional fees for early termination. On February 2, 2005, Ms. Chappell was contacted by a collection agency on behalf of Verizon.

Counsel for the debtor sent Verizon Wireless a letter on February 17, 2005, informing it that Ms. Chappell had filed a bankruptcy petition and that the bills and telephone calls violated the automatic stay and the discharge injunction. On March 1, 2005, Verizon sent the debtor a letter acknowledging the chapter 7 filing and instructing Ms. Chappell to reaffirm or reject her contract. Verizon then sent Ms. Chappell another billing statement on March 12, 2005, prompting the debtor to file a motion for sanctions against Verizon Wireless on May 4, 2005.

Verizon Wireless did not respond to the debtor's motion and did not appear at the hearing. Counsel for the debtor notified Verizon of its violation of the automatic stay and gave it an opportunity to cure the violation before seeking monetary sanctions against it under 11 U.S.C. § 362(h). E.D.N.C. LBR 9029-1(b). Verizon Wireless disregarded the letter from counsel for the debtor, ignored the automatic stay, and

2

neither responded to the debtor's motion nor attended the hearing to offer an explanation of its behavior.

Clearly, the demand letters and telephone calls violate the automatic stay, and Verizon's written acknowledgment of the bankruptcy filing demonstrates that the violations were willful. "The automatic stay serves a crucial function in any bankruptcy case and willful violations under § 362(h) are serious matters warranting the mandatory imposition of sanctions that Congress has proscribed." In re Brock Utilities & Grading, Inc., 185 B.R. 719, 720 (Bankr. E.D.N.C. 1995).

Verizon's actions have caused Ms. Chappell distress, and she has incurred attorney's fees of $500 to bring this motion before the court.

Verizon's cavalier attitude toward the automatic stay is unacceptable, and monetary sanctions are clearly needed to get this creditor's attention. See In re Chavis, 213 B.R. 462 (Bankr. E.D.N.C. 1997) (imposing sanctions of $10,000 against Wake Medical Center for violations of automatic stay). An appropriate sanction in this case is $500 plus reimbursement of attorney's fees of $500. **NO LATER THAN 10 DAYS FROM THE DATE OF THIS ORDER, VERIZON WIRELESS SHALL PAY $500 IN ATTORNEY'S FEES TO MICHAEL RYAN DYSON, COUNSEL FOR THE DEBTOR, AT 8520 SIX FORKS ROAD, SUITE 101, RALEIGH, NORTH CAROLINA 27615. NO LATER THAN 10 DAYS FROM THE DATE OF THIS ORDER, VERIZON WIRELESS SHALL PAY**

$500 IN SANCTIONS TO THE DEBTOR, JULIE NOEL CHAPPELL, AT 10523 HALESWORTH DRIVE, CARY, NORTH CAROLINA 27511.

SO ORDERED.

DATED: June 9, 2005

                                                              _____
                                                              A. Thomas Small
                                                              United States Bankruptcy Judge